HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GLW VENTURES, LLC,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>U.S. DEPARTMENT OF AGRICULTURE, U.S. FOREST SERVICE, an agency of the United States, and SKAMANIA COUNTY, WASHINGTON, a political subdivision of the State of Washington,<br><br>　　　　　　　Defendants. | CASE NO. 3:12-cv-05140-RBL<br><br>ORDER DENYING RECONSIDERATION<br><br>(Dkt. # 23) |

1

The United States requests reconsideration of the Court's order denying its motion to dismiss based on a lack of jurisdiction and failure to state a claim. Order, Dkt. #19. Under Local Rule 7(h):

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

The Ninth Circuit has called reconsideration an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm. Moore et al., *Moore's Federal Practice* § 59.30[4] (3d ed. 2000). "Indeed, a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (quoting *389 Orange Street Partners*, 179 F.3d 656, 665 (9th Cir. 1999)).

The United States has not shown grounds for reconsideration. First, the Government asserts that the Court improperly found jurisdiction under the Columbia River Gorge National Scenic Area Act, 16 U.S.C. § 544 *et seq.*, because neither addressed § 544(m)(b)(4), the section on which the Court relied. The Government states: "[T]his Court issued an order in which it concluded, o[n] grounds neither advanced by plaintiff nor addressed by federal defendant, that subject matter jurisdiction exists over plaintiff's claim under . . . § 544(m)(b)(4)." The Government appears, however, to have overlooked page two of Plaintiff's response to its motion to dismiss (Pl.'s Resp., Dkt. #14), as well as the large block quote on page seven, and the subsequent paragraphs arguing that jurisdiction exists under § 544(m)(b)(4).

Second, the Government argues that it has taken no "final action" under §544(m)(b)(4); rather, it has simply refused to give its consent. The Government imports a definition of "action"

2

from the Administrative Procedure Act, 5 U.S.C. § 553 *et seq.* ("APA").  Def.'s Mot. for Reconsideration at 3.  Under the APA, an agency statement is reviewable action if it announces a rule of law, imposes obligations, determines rights or liabilities, or fixes legal relationships. *See Am. Trucking Assoc. v. U.S.*, 755 F.2d 1292, 1296 (7th Cir. 1985).  The Government argues that nothing it has done meets this definition.  The Complaint suggests otherwise.

Plaintiff states that "Skamania County will not process GLW Ventures' application because the U.S. Forest Service has informed the County that the Adjusted Tracts violate the Easement Deed." Compl. ¶ 14.  Plaintiff believes that it is not amending the Easement Deed at all, but merely applying for a lot line adjustment as permitted by the Skamania County Code.  Pl.'s Resp. to Order to Show Cause at 4, Dkt. #20.  It appears to the Court that the Government's conduct determines Plaintiff's right to a lot line adjustment.

Third, the Government argues that the sovereign-immunity waiver in the Columbia River Gorge Act does not apply because the Forest Service was acting solely as a landowner, not pursuant to statutory authority.  "While the [Columbia River Gorge Act] certainly authorized the expenditure of public money to initially acquire either land or interests in land within certain areas of the Gorge, nothing in the statute governs how the Forest Service will administer those interests once acquired." Def.'s Mot. for Reconsideration at 4, Dkt. #23.  In other words, "the Government has enforceable rights by virtue of the Conservation Easement Deed and the inherent authority to enforce those rights by virtue of its status as an owner of an interest in land"—independent of the Columbia River Gorge Act.  *Id.* at 5 (citing *Cotton v. U.S.*, 52 U.S. 229 (1850)).  But, the Complaint asserts that the Forest Service has represented that it *cannot* amend the Easement Deed without congressional action.  Compl. ¶ 15.  If true, the only possible

1  restraint would be the Columbia River Gorge Act.  Thus, central to the case is the Government

2  *ability*—not merely its willingness—to amend an Easement Deed implemented under § 544.

3       Further, it is not clear to what extent the Easement Deed enables the Government to

4  restrain GLW from adjusting the lot lines between the two easements held by GLW.  If there is

5  precedent on the issue, the Government has not brought it to the Court's attention.

6       The Government may very well be correct in its legal position under both the Columbia

7  River Gorge Act and its rights under the Easement Deed.  Its arguments are, however, best

8  considered at summary judgment.

9       Defendant's motion for reconsideration (Dkt. #23) is **DENIED**.

11      Dated this 26th day of September, 2012.

                                       */s/ Ronald B. Leighton*

                                Ronald B. Leighton
                                United States District Judge