HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GLW VENTURES LLC,

        Plaintiff,

  v.

UNITED STATES DEPARTMENT OF AGRICULTURE, U.S. FOREST SERVICE,

        Defendant.

CASE NO. C12-5140 RBL

ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT

[Dkt. #s 34 and 37]

THIS MATTER is before the Court on the parties' cross motions for summary judgment [Dkt. #s 34 and 37]. Plaintiff GLW is the current owner of approximately 110 acres of undeveloped land located along the Columbia River Gorge. Its predecessor sold off many of the rights of ownership (including limiting its right to develop the property) to the United States Forest Service, in exchange for approximately 60% of the Property's value. They did so by conveying to the Forest Service a "Conservation Easement Deed," under the Columbia Gorge National Scenic Area Act. Both parties concede that the transaction was intended to advance the Forest Service's goal of limiting development in the scenic Gorge, while reserving to and (preserving for) the owner the traditional uses of the property at the time of the conveyance—

ORDER - 1

farming and residential.  The Easement Deed specifically reserved to the owner the right to develop two legal, buildable lots on the Property:

> The right is reserved to break the ownership into two tracts, Tract I being 62 acres in farm and woodlot and 5 acres in homesite, and Tract 2 being 38 acres in farm and woodlot and 5 in homesite. At the time of this easement, the right is acknowledged that construction of two dwellings for use in conjunction with the management of the two tracts if the proposed homesite is within the constraints of the [Columbia River Gorge National Scenic] Act[.]

(Am. Compl. [Dkt. #4] Ex. A, Part II(B) (Easement Deed)).  The Deed included a rudimentary sketch of the location of the two parcels, but did not describe them legally in a metes and bounds or "lot" manner.  At the time of the Deed, the minimum lot size under the County Code (in accordance with the Gorge Act was 40 acres, and each of the two parcels described in the Deed met that minimum.  Nevertheless, the parties agree that—absent the Conservation Easement Deed—the owner of the entire tract would have four legal, buildable lots, because the existing lots predated the Gorge Act and the 40 acre minimum lot size.

This case arises out of the current owners' attempt to formally, legally define two legal lots (so that they may develop one, and sell the other) and to nominally adjust the sketched boundary line between the two building parcels, creating one 56 acre lot and one 51 acre lot.  It is undisputed that the resulting two lots (like the two sketched lots) would comply with the minimum lot sizes *in effect at the time* of the Conservation Easement Deed.

GLW sought to obtain Skamania County's approval of its lots and its Boundary Line Adjsutment.  The County initially determined that the Boundary Line Adjustment was

acceptable, but that it required the Forest Services' approval. The Forest Service refused to consent to the adjustment, for reasons[1] that it has not, and perhaps cannot, articulate.

GLW sued, alleging a variety of claims, including allegations that the Forest Service's refusal to consent to its proposed land use action was an abuse of discretion. The gist of GLW's complaint is that the Forest Service is inaccurately and improperly construing the contract it executed with GLW's predecessor.

The Forest Service's two primary defenses to this claim in this Court are internally inconsistent, and are inconsistent with the positions they have since taken in the land use case in Skamania County. On one hand, the Forest Service claims that it, like any private owner of an interest in land, possesses "free will" and "unfettered discretion" to refuse to consent to the Boundary Line Adjustment—even if is doing so based on a mistaken or incorrect interpretation of the Conservation Deed. [Dkt. # 37 at 22]  At the same time, the Forest Service claims that its refusal is not an "action" at all, much less a "final action" subject to review under the Gorge Act or the Administrative Procedures Act, and that it—quite unlike a private owner—is therefore immune from any suit to determine the parties' respective rights under the contract between them.

Despite its reliance on its unique ability to deprive GLW of the benefits of the agreement with impunity, the Forest Service subsequently took the remarkable *additional step* of actively opposing GLW's efforts to obtain Skamania County's approval of the Boundary Line

---

[1] It is undisputed that the Boundary Line Adjustment would not adversely affect the goals of the Gorge Act any more than would the development of the two lots sketched as part of the initial agreement. It appears that, despite the agreement it struck with GLW's predecessor, the Forest Service will not voluntarily honor the Conservation Easement Deed's reservation of the right to develop the Property consistent with *both* its traditional uses and the preservation goals of the Gorge Act.

Adjustment.  Indeed, after the County agreed that Forest Service approval was not required after all, the Forest Service *appealed* the approval, arguing that the post-adjustment lots[2] were not legal under the County Code because one of the four legal lots exising as of today would be reduced from 96 acres to less than 80—the current County minimum.  In other words, the Forest Service opposes recognition of the *four existing* legal lots, based on the Conservation Easement Deed's agreement to have only two (each less than 80 acres).  But at the same time it opposes recognition of the agreed-upon *two* lots because one of them will necessarily be less than 80 acres.  And it claims that it is immune from any suit seeking to address what should be the obvious inequity of this position.

The County apparently accepted the Forest Service's argument that GLW has four lots and cannot create a new lot of less than the 80 acre minimum.   Its hearing examiner determined that it did not have jurisdiction to determine whether the Conservation Easement Deed created two legal lots—leaving the construction of that Deed to this Court.

While the Court will not grant either party's Motion for Summary Judgment, it will determine and hold that either the Deed created two lots, or GLW is entitled to a rescission of it: they have either four legal lots, or are entitled to two, without interference from its contracting partner, the Forest Service.

The County's initial approval of the Boundary Line Adjustment and the Forest Service's successful appeal of that determination are now on appeal in Skamania County.   The Forest Service argues that the outcome of that litigation could moot this case.  The Court agrees. The

---

[2] It appears that the Forest Service could (and presumably would) oppose recognition of the 67 acre and 43 acre lots to which it specifically agreed—in exchange for the owner's giving up the right to develop its then-existing four lots—on this very same basis.  This is a direct breach of the agreement it struck with GLW's predecessors.

Forest Service's Motion for Summary Judgment seeking dismissal of Plaintiff's lawsuit is DENIED.  GLW's motion, seeking a determination of the parties' rights and obligations under the Conservation Easement Deed, is also DENIED.  This case is STAYED pending the outcome of the County litigation.  The parties shall promptly notify the Court when that case is concluded.  If and when this Court is asked to re-open this case, it will entertain a Motion to Amend the Complaint.

   IT IS SO ORDERED.

       Dated this 25th day of September, 2013.

              _____
              RONALD B. LEIGHTON
              UNITED STATES DISTRICT JUDGE