HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GLW VENTURES LLC, | CASE NO. C12-5140-RBL |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| UNITED STATES DEPARTMENT OF AGRICULTURE, U.S. FOREST SERVICE, et al. | DKT. #70 |
| Defendants. | |

THIS MATTER is before the Court on Defendant United States Forest Service's Motion for Summary Judgment [Dkt. #70]. This case involves a property-line adjustment dispute between the Forest Service and Plaintiff-landowner GLW Ventures. The Forest Service owns a conservation easement that burdens GLW's property, in exchange for GLW's reserved right to divide its property into two tracts. Yet, the Forest Service has thwarted GLW's attempts to exercise this right, reasoning GLW's proposed adjustments would violate Skamania County's zoning regulations. GLW sued, arguing that by opposing its bargained-for right to create two tracts, the Forest Service violated their agreement. The Court stayed the case, pending resolution of a similar state-court suit between the parties.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 1

The Skamania County Superior Court concluded GLW could not divide its property into two tracts without violating the County's 80-acre lot-size minimum. The Forest Service and Intervenor-Defendants Friends of the Gorge and Columbia River Gorge Commission argue that because the Court therefore cannot offer GLW any effective relief, the case is moot, and ask the Court to dismiss it for lack of subject matter jurisdiction. GLW argues equitable relief, such as rescission of the easement, remains available under the Columbia River Gorge National Scenic Area Act.

## I.   BACKGROUND

The Act protects and provides for the enhancement of the Columbia River Gorge's "scenic, cultural, recreational, and natural resources," while allowing for limited economic growth. 16 U.S.C. § 544a. Through it, Sharleen Jones sold the Forest Service a conservation easement. She reserved the right to reconfigure her four legal lots into two tracts, 43 and 67 acres in size, subject to zoning regulations. Years later, she offered to sell her remaining interests to the Forest Service, which declined. Its declination converted the property's minimum permissible lot size from 40 acres to 80 acres. GLW purchased Jones's burdened property.

GLW asked Skamania County for permission to modify the tracts slightly from the easement description, to approximately 52 and 56 acres, adjusting the boundary between them. Of the four legal lots, the largest would reduce from 96 to 52 acres, and the three smallest would combine to form one 56 acre parcel. The Forest Service objected to the application as violating the easement deed, so Skamania County refused to process it. GLW sued the Forest Service and Skamania County, asking the Court to declare GLW has the right to reconfigure the property and to order the County to process their application.

In the interim, GLW again asked Skamania County for a boundary-line adjustment. Without the Forest Service's consent, the Planning Department agreed. The Forest Service appealed to the Hearing Examiner. GLW and the Forest Service both appealed that decision to the Columbia River Gorge Commission. GLW appealed to the Skamania County Superior Court.

It also filed another federal lawsuit, claiming the Forest Service violated their easement deed by opposing GLW's proposal—its reserved right—to divide the property into two tracts. The Court consolidated both federal cases and stayed them pending resolution of the state-court litigation.[1]

The superior court reached three conclusions. *See GLW Ventures v. Skamania County, et al.*, Case No. 14-2-00071-7 (Dec. 17, 2015). It upheld the Commission's decision that the County's zoning regulations prohibit GLW's proposed adjustment, because reconfiguring the property into two tracts requires reducing the largest lot to 52 acres—in violation of the 80-acre minimum. *See id*. It rejected GLW's argument that this decision constitutes a taking, deciding GLW's inability to divide the property into two tracts does not destroy its right to sell the property. *See id*. The superior court also held that the conservation easement made the Forest Service a "property owner" without whose consent the County may not process GLW's land-use applications. *See id.*

The Forest Service and Friends argue the Court must give preclusive effect to the superior court's decisions, which moot the case because no meaningful relief remains available to GLW. They ask the Court to dismiss it for lack of subject matter jurisdiction. GLW argues the case is not moot because no court has considered whether the Forest Service violated the easement deed by repudiating GLW's bargained-for right to create two tracts. It vaguely asks the

---

[1] For additional background information, see the Court's order staying the case, Dkt. #44.

Court to compel the Forest Service to comply with the Gorge Act or to rescind the easement deed. The Forest Service and Friends respond that GLW's argument has no traction, because even if the Forest Service violated the deed or Gorge Act, the superior court's decision precludes effective injunctive or declaratory relief and the Gorge Act prohibits rescission.

## II.  DISCUSSION

**A.  Standard of Review.**

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50, 106 S. Ct. 2505 (1986); *see also Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *See Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251–52. The moving party bears the initial burden of showing no evidence exists that supports an element essential to the nonmovant's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548 (1986). Once the movant has met this burden, the nonmoving party then must show the existence of a genuine issue for trial. *See Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323–24.

**B.     Collateral Estoppel Precludes GLW from Relitigating the Lawfulness of its Boundary-Adjustment Proposal.**

The Forest Service and Friends argue collateral estoppel bars GLW from re-litigating whether it may reconfigure its property into two tracts approximately 52 and 56 acres in size. GLW responds that it has an independent federal claim under the citizen-suit provision of the Gorge Act (16 U.S.C. § 544m(b)(2) [2]), undecided by the state court: whether the Forest Service violated the easement deed by opposing GLW's boundary-adjustment proposal.

Collateral estoppel promotes judicial economy by preventing needless litigation. *See Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326, 99 S. Ct. 645 (1979) (citing *Blonder-Tongue Labs., Inc. v. Univ. of Illinois Found.*, 402 U.S. 313, 328–29 (1971). When a party enjoyed a full and fair opportunity to litigate, collateral estoppel precludes that party from re-litigating the same issues. *See Allen v. McCurry*, 449 U.S. 90, 96, 101 S. Ct. 411 (1980). In determining whether it bars an issue adjudicated in state court, federal courts apply that state's collateral estoppel law. *See In re Bugna*, 33 F.3d 1054, 1057 (9th Cir. 1994). Washington bars relitigation when (1) the issue earlier decided is identical the later proceeding's issue, (2) the earlier proceeding ended in a judgment on the merits, (3) the party against whom collateral estoppel is asserted was a party to, or in privity with a party to, the earlier proceeding, and (4) application of the doctrine will not work an injustice on that party. *See Christensen v. Grant Cty. Hosp. Dist. No. 1*, 152 Wash. 2d 299, 307, 96 P.3d 957, 961 (2004).

GLW enjoyed a full and fair opportunity to litigate the lawfulness of its proposed boundary-line adjustment. The superior court concluded GLW could not reconfigure its property

---

[2] Section 544m(b)(2) of the Gorge Act authorizes citizen-suit provisions against the Secretary of Agriculture for alleged violations of the Act or any other action taken under the Act, such as a violation of a land-use ordinance, or for a failure to perform a non-discretionary duty. *See* 16 U.S.C. § 544m(b)(2).

into two tracts, because doing so would require reducing an approximately 96-acre parcel below the County's 80-acre minimum. The Court must give preclusive effect to this decision, which forecloses the possibility that GLW may adjust the parcel boundaries as proposed. The superior court did not decide, however, whether the Forest Service acted wrongfully under the Gorge Act.

**C.     The Superior Court's Decisions foreclose any Meaningful Relief Available to GLW under the Gorge Act.**

The Forest Service and Friends argue that even assuming the Forest Service violated the easement deed or Gorge Act by opposing GLW's proposal, this case is moot because no effective relief remains available to GLW. They argue the Court cannot go back in time and enjoin the Forest Service from litigating against GLW's proposal; cannot compel the Forest Service to consent to GLW's proposal, because the 80-acre minimum would still prohibit the County from approving it; and cannot declare the proposed boundary-adjustment lawful, in contradiction to the superior court's decision.

GLW argues the Forest Service and Friends ask the Court to place the cart before the horse. It argues that until the Court has decided whether the Forest Service violated the deed by working to undermine GLW's reserved property rights, it should not consider what remedies remain. It also argues the Court either could compel the Forest Service to comply with the Gorge Act, which it claims includes the option of granting GLW any form of equitable relief, or could invalidate the easement deed for no longer serving a fruitful purpose.

In deciding whether a case is moot, a court considers "whether granting a present determination of the issues offered ... will have some effect in the real world. When it becomes impossible for a court to grant effective relief, a live controversy ceases to exist, and the case becomes moot." *Miller ex rel. S.M. v. Bd. of Educ. of Albuquerque Pub. Sch.*, 565 F.3d 1232, 1250 (10th Cir. 2009) (quoting *Kansas Judicial Review v. Stout,* 562 F.3d 1240, 1245–47 (10th

Cir. 2009)); *see also Pub. Utilities Comm'n of State of Cal. v. F.E.R.C.*, 100 F.3d 1451, 1458 (9th Cir. 1996). Federal courts lack subject matter jurisdiction over moot claims. *See Rosemere Neighborhood Ass'n v. U.S. Envtl. Prot. Agency*, 581 F.3d 1169, 1172–73 (9th Cir. 2009).

The preclusive effect of the superior court's decisions makes it impossible for the Court to grant GLW effective relief. The Gorge Act limits the Court's authority "to compel compliance" to an order granting "injunctive or mandamus type relief, not damage awards." *See Broughton Lumber Co. v. Yeutter*, 939 F.2d 1547, 1553 (Fed. Cir. 1991) (discussing § 544m(b)(2)'s jurisdictional limits); *see also Lehman v. Nakshian*, 453 U.S. 156, 161, 101 S. Ct. 2698 (1981) ("[L]imitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied."). The Court cannot enjoin the Forest Service from litigating claims it has already litigated, cannot declare GLW's proposal lawful, and cannot compel the Forest Service to sign it.

The Court also cannot rescind the parties' deed, which advances the Gorge Act by limiting GLW's property rights. *See* Dkt. #4, Deed. Rescission would defy the Gorge Act's objectives, leaving the area's resources vulnerable, and so cannot amount to "compelled compliance."

GLW's inability to articulate how the Court could compel the Forest Service to comply with the Gorge Act, in a way that both relieves GLW of the Forest Service's repudiation and jibes with the superior court's decision, evidences the dearth of residual relief. The parties do not have a live controversy; this case is moot.

### III.   CONCLUSION

By opposing GLW's furtherance of its reserved right to reconfigure its property, the Forest Service at the very least teetered on the edge of its duty to deal fairly and in good faith

with GLW to not deny it the fruits of their agreement. But even assuming this behavior violates the easement deed or the Gorge Act, the superior court's decision that GLW may not adjust its property as proposed forecloses all forms of meaningful relief this Court could grant under the Gorge Act. A live case or controversy no longer exists, and this case is moot. The Forest Service's Motion for Summary Judgment [Dkt. #70] is reluctantly GRANTED, and GLW's claims are DISMISSED for lack of subject matter jurisdiction.

IT IS SO ORDERED.

Dated this 17th day of June, 2016.

*Ronald B. Leighton* (signature)

Ronald B. Leighton
United States District Judge